# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DERRICK DEFOE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:21-cv-00146-AKK-HNJ |
| BRIAN JONES, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Derrick Defoe, who is currently incarcerated at the Staton Correctional Facility in Elmore, Alabama, commenced this action pursuant to 42 U.S.C. § 1983 against Limestone County District Attorney Brian Jones. Doc. 1. The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees. The court must dismiss the complaint, or any portion thereof, if the court finds the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or [] seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After careful review of Defoe's complaint, the court finds it is due to be dismissed pursuant to § 1915A(b).

Defoe contends that Jones denied him a right to a fair trial and his two consecutive twenty-year sentences are harsh and excessive. According to Defoe, he

pleaded guilty only because his lawyer told him the district attorney "was going [to] give [him] life in prison . . . ." Doc. 1 at 8, 12-13. Defoe further asserts that Jones denied him his rights to a motion for discovery and to withdraw his guilty plea, and that Jones: (1) admitted in court that the state conducted no DNA analysis "on anything" and he could not prove whether Defoe had anything to do with the crime, (2) relied on a false statement Defoe made because "if [Defoe] tr[ied] to tell them the truth they didn't want to [hear] it," and (3) misrepresented or lied about evidence. *Id.* at 8-14. Based on these allegations, Defoe seeks monetary damages and equitable and injunctive relief. *Id.* at 14-17.

In § 1983 actions, state prosecutors are entitled to absolute immunity from liability for their prosecutorial conduct. *Imbler v. Pactman*, 424 U.S. 409, 430-31 (1976). A prosecutor's absolute immunity extends to all acts associated with the judicial process, including initiating a prosecution, preparing for trial, and presenting the State's case. *Van de Kamp v. Goldstein*, 555 U.S. 335, 343-44 (2009) (citations omitted); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). But, absolute immunity does not extend to the prosecutors' administrative conduct, such as workplace hiring or making statements to the press. *Van de Kamp*, 555 U.S. at 343-44. "Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously," *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989), and a prosecutor's absolute immunity applies to § 1983

claims based on the failure to turn over impeachment material, *Van de Kamp*, 555 U.S. at 345 (citing *Imbler*, 424 U.S. at 431, n.33).

The specific conduct Defoe complains of here—Jones allegedly preventing Defoe from filing a motion for discovery and withdrawing his guilty plea, misrepresenting the evidence, and relying on a false statement—involves the prosecutor's preparation for trial and is "'intimately associated with the judicial phrase of the criminal process.'" *Van de Kamp*, 555 U.S. at 349 (quoting *Imbler*, 424 U.S. at 430). Likewise, Defoe's complaints regarding his purportedly excessive sentence relate to the judicial phase of the criminal process. Consequently, Defoe's § 1983 claims against Jones are barred by absolute prosecutorial immunity, and this case is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A separate final judgment will be entered.

**DONE** the 4th day of February, 2021.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE